IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| PATRICE HOLLIS,<br>　　Plaintiff, | :<br>:<br>: |
| v. | : CIVIL ACTION NO. 23-CV-1267 |
| | : |
| UNITED STATES DEPARTMENT<br>OF VETERANS AFFAIRS,<br>　　Defendant. | :<br>:<br>: |

## MEMORANDUM OPINION

**GOLDBERG, J.**　　　　　　　　　　　　　　　　　　　　　　　　　　　　　　　May 8, 2023

　　Plaintiff Patrice Hollis has filed a *pro se* Complaint raising employment discrimination claims against her former employer, the United States Department of Veterans Affairs ("the VA"). Hollis also seeks leave to proceed *in forma pauperis*. For the following reasons, the Court will grant Hollis leave to proceed *in forma pauperis* and dismiss the Complaint.

**I.　　FACTUAL ALLEGATIONS**[1]

　　Hollis asserts that she began working for the VA on a probationary basis at the Coatesville Medical Center on March 31, 2019. (Compl. at 1.) She worked at the facility's psychiatric ward for almost one year during her probationary period. (*Id*.) During that time, she alleges she was subject to "postponement in health benefits," had to work three different "tours," worked while she was ill, had an issue with "payment mismanagement," and developed health issues. (*Id*.) She complained to human resources about an incorrect amount of her paycheck, but the case was left unresolved. (*Id*.) She claims her treatment at the VA was "unfair" as well as unsafe.[2] (*Id*.)

---

[1] The facts set forth in this Memorandum are taken from Hollis's Complaint (ECF No. 2). The Court adopts the pagination assigned to the Complaint by the CM/ECF docketing system.

[2] In the description of her claims Hollis refers to exhibits. However, no exhibits were attached to her Complaint in this case. Hollis filed a second case, *Hollis v. Thrift Savings Plan*,

During her employment, Hollis became ill and was sent to the onsite clinic. (*Id*. at 2.) After she was able to acquire health benefits on January 1, 2020, she visited a doctor and was diagnosed with depression. She alleges that, if her health care benefits were not postponed, she would have been able to properly care for her condition. (*Id*.) After she was told by a doctor not to go to work, she applied for leave under the Family Medical Leave Act but was denied and had to use all of her sick leave. (*Id*.) When her husband was involved in a car accident on February 4, 2020, requiring that Hollis care for him, she again applied for leave and was denied. (*Id*.) She then received a letter dated February 24, 2020 that she was being terminated as of February 29, 2020 for unauthorized absences. (*Id*.) She claims that protocols in her employee handbook as to scheduled work times and attendance were not followed by the VA. (*Id*.) She seeks money damages.

Hollis filed a prior lawsuit in this Court raising employment discrimination claims in which she named as the Defendant the Secretary of the Department of Veterans Affairs. *See Hollis v. McDonough*, Civ. No. 22-1552. Hollis alleged in that case that she "had to work sick due to unorthodox scheduling," her eligibility for health benefits was postponed, and that the "harsh conditions that I went through my employment were due to my race." (*Id*., ECF No. at 2 at 6.) She alleged she filed a charge with the EEOC on February 16, 2021 and received a Notice of Right to Sue Letter on January 25, 2022, which she attached to her Complaint. (*Id*. at 7, 9-11.) In that case, which was filed on April 19, 2022 within the 90-day time period provided by 42 U.S.C. § 2000e–5(f)(1), Hollis asserted as claims that her employment was terminated and her employer failed to reasonably accommodate her disability. (*Id*. at 5-6.) She also asserted an unsafe work

---

Civ. No. 23-1309, and did attach exhibits to that Complaint. None of those exhibits appear to relate to the facts of this case, however.

environment claim. (*Id*.) That case was ordered to be served but was eventually dismissed for failure to prosecute when Hollis failed to comply with an Order directing her to resubmit Form USM-285 to allow the United States Marshal to make service of process on the Defendant. (*Id*., ECF No. 11). Over three months after the dismissal Order was filed, Hollis filed a Motion to reinstate the dismissed case. (*Id*., ECF No. 12.) That Motion was denied by Order filed on April 3, 2023 because Hollis offered no explanation why she was unable to locate the Defendant at any point from the point she filed her case to the date it was dismissed. (*Id*., ECF No. 13). Hollis filed the pending case two days later.

## II.    STANDARD OF REVIEW

As Hollis appears to be incapable of paying the filing fees to commence this action, the Court will grant her leave to proceed *in forma pauperis*. Accordingly, 28 U.S.C. § 1915(e)(2)(B)(ii) requires the Court to dismiss the Complaint if it fails to state a claim. The Court must determine whether the Complaint contains "sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quotations omitted). "'At this early stage of the litigation,' '[the Court will] accept the facts alleged in [the *pro se*] complaint as true,' 'draw[] all reasonable inferences in [the plaintiff's] favor,' and 'ask only whether [that] complaint, liberally construed, . . . contains facts sufficient to state a plausible [] claim.'" *Shorter v. United States*, 12 F.4th 366, 374 (3d Cir. 2021) (quoting *Perez v. Fenoglio*, 792 F.3d 768, 774, 782 (7th Cir. 2015)). Conclusory allegations do not suffice. *Iqbal*, 556 U.S. at 678.

Because Hollis is proceeding *pro se*, the Court construes the allegations of the Complaint liberally. *Vogt v. Wetzel*, 8 F.4th 182, 185 (3d Cir. 2021). However, "'pro se litigants still must allege sufficient facts in their complaints to support a claim.'" *Id.* (quoting *Mala*, 704 F. 3d at

245). An unrepresented litigant "'cannot flout procedural rules - they must abide by the same rules that apply to all other litigants.'" *Id.*

## III. DISCUSSION

### A. Timeliness

The claims Hollis seeks to raise in her Complaint are time barred. She asserts she began her probationary employment at the VA on March 31, 2019 and was terminated as of February 29, 2020 for unauthorized absences. The Court takes judicial notice from the record of her prior lawsuit that Hollis received a Notice of Right to Sue Letter for her claims on January 25, 2022.[3] (Civ. No. 22-1552, ECF No. 2 at 9-11.) Title 42, section 2000e–5(f)(1) of the United States Code provides that a person aggrieved by a claim of employment discrimination must "within ninety days after the giving of such notice [bring] a civil action . . . against the respondent named in the charge. . . ." Because the Complaint was filed beyond this period, it must be dismissed as untimely.[4]

### B. *Res Judicata*

Even if the claims were timely, they would be subject to dismissal with prejudice on the ground of claim preclusion. "Claim preclusion — which some courts and commentators also call *res judicata* — protects defendants from the risk of repetitious suits involving the same cause of action once a court of competent jurisdiction has entered a final judgment on the merits." *Beasley v. Howard*, 14 F.4th 226, 231 (3d Cir. 2021) (internal quotations omitted). Claim preclusion

---

[3] *See In re Ellerbe*, No. 21-3003, 2022 WL 444261, at *1 (3d Cir. Feb. 14, 2022) (holding that the Court may take judicial notice of prior court proceedings) citing *Oneida Motor Freight, Inc. v. United Jersey Bank*, 848 F.2d 414, 416 n.3 (3d Cir. 1988).

[4] Because the case is also subject to dismissal on *res judicata* grounds as discussed next, the Court declines to consider whether tolling would apply.

prevents parties from raising issues that could have been raised and decided in a prior case regardless of whether those issues were litigated. *Id.* In other words, "[t]he prior judgment's preclusive effect . . . extends not only to the claims that the plaintiff brought in the first action, but also to any claims the plaintiff could have asserted in the previous lawsuit." *Id.* at 231-32. "Claim preclusion similarly reaches theories of recovery: a plaintiff who asserts a different theory of recovery in a separate lawsuit cannot avoid claim preclusion when the events underlying the two suits are essentially the same." *Id.* at 232; *Sheridan v. NGK Metals Corp.*, 609 F.3d 239, 261 (3d Cir. 2010) ("'Rather than resting on the specific legal theory invoked, res judicata generally is thought to turn on the *essential similarity* of the underlying events giving rise to the various legal claims.'") (quoting *United States v. Athlone Indus., Inc.*, 746 F.2d 977, 983-84 (3d Cir. 1984)).

Three elements are required for claim preclusion to apply: "(1) a final judgment on the merits in a prior suit involving (2) the same parties or their privies and (3) a subsequent suit based on the same cause of action." *Marmon Coal Co. v. Dir., Office Workers' Compensation Programs*, 726 F.3d 387, 394 (3d Cir. 2013) (internal quotation marks omitted). The first element is met since the prior lawsuit Hollis filed was dismissed for failure to prosecute. This constituted a dismissal with prejudice of her employment discrimination claims.[5] The second element is met since Hollis seeks to name the Department of Veterans Affairs while her prior case named the Secretary of the Department of Veterans Affairs. *See Avins v. Moll,* 610 F. Supp. 308, 316 (E.D. Pa. 1984) (where "the same plaintiff sues in multiple suits on identical causes of action, defendants in the later suits who were not named as defendants in the earlier suits are entitled to the benefit of res judicata so long as there is a close or particular relationship with the defendants in the earlier suit."), *aff'd sub*

---

[5] Because the dismissal order in the prior case did not specify that the dismissal was without prejudice, under Fed. R. Civ. P. 41(b) the dismissal "operates as an adjudication upon the merits." *See Shane v. Fauver*, 213 F.3d 113, 115 (3d Cir. 2000).

*nom. Avins v. Dixon,* 774 F.2d 1150 (3d Cir. 1985); *Spencer v. Varano*, No. 17-2158, 2019 WL 384959, at *3 (M.D. Pa. Jan. 30, 2019) (prison employees not named in first suit were in a sufficiently close relationship with other prison employees for *res judicata* purposes).  *See also Midyett v. Wilkie*, 612 B.R. 197, 203 (W.D. Ark. 2019), aff'd, 818 F. App'x 585 (8th Cir. 2020) (holding that Secretary of the Department of Veterans Affairs stands in privity with Veterans Health Service and its employees).  The third element is also met since Hollis asserts claims she either did or could have asserted in the prior case based on the same facts she asserted in the prior case, namely that she was treated unfairly in her employment.  Accordingly, the claims are subject to dismissal for this reason as well.  *See Weinberg v. Scott E. Kaplan, LLC*, 699 F. App'x 118, 120 n.3 (3d Cir. 2017) ("With respect to affirmative defenses, such as res judicata, dismissal is proper if application of the defense is apparent on the face of the complaint; [the Court] may also look beyond the complaint to public records, including judicial proceedings." ); *Gimenez v. Morgan Stanley DW, Inc.*, 202 F. App'x 583, 584 (3d Cir. 2006) (*per curiam*) (observing that "*[r]es judicata* is a proper basis for dismissal under 28 U.S.C. § 1915(e)(2)(B)").

### IV.   CONCLUSION

For the foregoing reasons, the Court will dismiss Hollis's Complaint pursuant to 28 U.S.C. § 1915(e)(2)(B)(ii) for failure to state a claim.  Because any attempt to amend would be futile, the dismissal is with prejudice.  *Grayson v. Mayview State Hosp.*, 293 F.3d 103, 108, 110 (3d Cir. 2002) (holding that district courts should dismiss complaints with leave to amend "unless amendment would be inequitable or futile").  An appropriate Order follows.